**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HINMER LIMA, on behalf of himself**
**and on behalf of all others**
**similarly situated,**

     **Plaintiff,**

**v.**                              **CASE NO.:**

**APEX DRILLING INC.,**

     **Defendant.**
_____/

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, HINMER LIMA ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, APEX DRILLING INC. ("Defendant APEX"), and in support of his claims states as follows:

**<u>JURISDICTION AND VENUE</u>**

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq.</u>, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and for unpaid wages under Florida common law. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(a).

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.     Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendant APEX operates a construction business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Named Plaintiff HINMER LIMA was employed by Defendant as a Machine Operator.

10.     The putative class of similarly situated employees consists of all other laborers employed by Defendant within the last three years.

These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant APEX within the meaning of the FLSA.

13.     At all times material hereto, Defendant APEX was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendant APEX continues to be an "employer" within the meaning of the FLSA.

15.     At all times material hereto, Defendant APEX was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant APEX engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant APEX   exceeded $500,000 per year.

18.     Plaintiff and the Class were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

19.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

20.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## **FACTS**

21.     Named Plaintiff HINMER LIMA began working for Defendant as a Machine Operator in December 2021, and he worked in this capacity until April 2022.

22.     In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff at a rate of Four Hundred Dollars ($400.00) per day regardless of how many hours he worked.

23.     At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for

4

Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

24.    Plaintiff and the class regularly worked at least sixty (60) hours per week.

25.    Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

26.    Defendant improperly classified Plaintiff and the Class as independent contractors in an attempt to avoid its obligation to pay Plaintiff and the Class the overtime premium required by the FLSA.

27.    Defendant exercised control over the terms and conditions of Plaintiff and the Class's employment such that they should have been classified as employees.

28.    By way of example and not limitation, Defendant set Plaintiff and the Class's work schedule, provided them with the equipment necessary to do their jobs, and hired them to work indefinitely and not just for particular projects.

29.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its

employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 <u>et</u> <u>seq.</u>

30.    Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

31.    Defendant failed to pay Plaintiff all wages owed to him, including the wages earned during his last week working for Defendant.

32.    The pay due for Plaintiff's last week constitutes "wages" under Florida common law and Fla. Stat. Section 448.08.

33.    Defendant's failure to pay Plaintiff all of his wages, including the ages due for his last week of work, was willful.

## COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b).  The Class is composed of laborers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

35.    Therefore, Notice is properly sent to: "All laborers whom Defendant failed to compensate for all of the overtime hours that they worked from October 2019 to the present."

36.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

37.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

38.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

39.     Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

40.     Overall, Plaintiff's experience as a Machine Operator who worked for Defendant is typical of that of the Class.

41.     Specific job titles or job duties of the Class do not prevent collective treatment.

42.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

43.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 42 of this Complaint, as fully set forth herein.  Plaintiff brings this

action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

44.    During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

45.    Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

46.    The Members of the Class are similarly situated because they were all employed as laborers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its laborers for all of the overtime hours that they worked in accordance with the FLSA.

47.    This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

48.    All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49.    As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)    Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)    Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)    Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h)     Judgment against Defendant, stating that its violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW
### (Brought by Named Plaintiff Hinmer Lima Only)

50.     Plaintiff realleges and readopts the allegations of paragraphs 1-9, 21-22, and 31-33 of this Complaint, as though fully set forth herein.

51.     Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for his services.

52.     Defendant failed to pay Plaintiff all "wages" owed to him, including the wages due for Plaintiff's last week of work.

53.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

d)      All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

e)      For such further relief as this Court deems just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this  9th day of August, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**